MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V.
DOCK REDUS.

Decided January 2, 1908.

**1.—Personal Injuries—Allegation and Proof—Charge.**

. In a suit against a railroad company for personal injuries the court charged the jury to find for the plaintiff if they found from the evidence "that any act of defendant or any of its employees was negligence." Held, reversible error. The plaintiff was entitled to recover only for such acts of negligence as were both pleaded and proved. Proof without pleading will not support a verdict or judgment.

**2.—Special Charge—Practice.**

It is reversible error to refuse a special charge which relates to and correctly presents a phase of the case not covered by the main charge.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*T. S. Miller* and *Perkins & Craddock,* for appellant.—The court erred in the charge quoted in the opinion. Railway Co. v. Pope, 98 Texas, 535; Railway Co. v. Brigg, 4 Texas Civ. App., 515; Rapid Transit Ry. Co. v. Lusk, 66 S. W., 799; Coal Co. v. Candill, 60 S. W., 180; Railway Co. v. Gunter, 56 S. W., 527; Railway Co. v. Stroh, 66 S. W., 177; Railway Co. v. Wills, 66 S. W., 628.

*Looney & Clark,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, tried before the court and a jury, resulting in a verdict and judgment for the plaintiff, and the defendant has appealed.

The plaintiff charged in his petition that while traveling as a passenger on the defendant's railroad from Dallas to Greenville, Texas, in the night time, he fell asleep; that before reaching Greenville and when the train reached Royse station one of the defendant's employes awakened the plaintiff, told him in effect that he had reached his destination, and to get off the train; that he hastily left the car, and, seeing the gates open on both sides, got off the train on the opposite side from the station building, which would have been a proper and safe place to alight if the train had been at Greenville, as he supposed. He then alleged that in a short space of time, and just as the train was leaving the station, moving slowly, he discovered that the place was not Greenville, and then attempted to get back on the train and would have done so with safety but for the fact that the defendant had negligently permitted the space by the side of its track at that point to become littered with pieces of iron, and negligently permitted a large piece of iron, about one foot long, oval on one side and roughly cut and jagged on the other and weighing about ten pounds, to be and remain at that place by the side of its track, and negligently failed to light up its premises, and that under these circumstances, using due care and caution in his effort to get back upon the train and not seeing the piece of iron

and being unable to see it on account of the darkness, the plaintiff stepped upon or caught his foot in the iron in such way as to cause him to stagger, stumble and fall, so that his right leg and foot went under the car wheels and the trucks of the passenger coach ran across his leg, crushing the same in such manner as to necessitate its amputation.

The fifth paragraph of the court's charge reads as follows: "If, therefore, you believe from the evidence that on the occasion in question plaintiff was a passenger traveling from Dallas to Greenville on one of defendant's passenger trains, and you find that when the train reached Royse he was asleep, and you find that he was at said station aroused by some one of defendant's train employes whose duty it was to direct, aid or assist passengers on and off its trains, and you find that any such employe told plaintiff that it was his station and for him to get off, and you find that plaintiff thereupon, and because thereof, arose and left the car, and you find that he thought he was at Greenville, and you find that a train gate was open on the side of the train opposite from the station building, and you find that at Greenville the train gates were usually open on both sides of the train and that passengers were permitted to get on and off the train on either side, and you find that plaintiff thus alighted and believing he was at Greenville, and you find that he was caused to so believe by being told by some one of defendant's employes that he was at his station, and that in so telling him (if you find that any such employe so told him) that said employe, if any, was acting within the scope of his employment, and if you find that after alighting from said train plaintiff discovered that the place was not Greenville, and you find he then attempted to re-board said train, and if you further find that there was on the side of the track where the plaintiff was when he attempted to re-board the train, a piece of iron, and you find that plaintiff, in his effort to get back upon said train struck his foot against said piece of iron, if you find it existed there, and that he was thereby caused to fall so that his right leg was run over by the wheels of a car of said train, and was crushed and wounded, so as to necessitate an amputation thereof, and you find that any act of defendant or anyone of its employes, was negligence as that term is above defined, and that plaintiff was injured as the proximate result thereof, then you should find for the plaintiff and assess his damages as directed below."

By its first assignment of error appellant complains of that paragraph of the charge, among other reasons, because it authorized a recovery by the plaintiff for any negligent act of the defendant causing the accident, without reference to the acts of negligence alleged in the plaintiff's petition. That objection is well taken and requires a reversal of the case. The plaintiff's petition does not allege that anything done or omitted by the defendant tending to induce the plaintiff to leave the train at Royse, constituted negligence. Not having charged that such conduct constituted negligence, the plaintiff was not entitled to recover upon the theory that it was negligence, no matter what the evidence may have shown in that

respect.   The charge complained of authorized a recovery for the plaintiff if the jury should find "that any act of defendant or any of its employes was negligence."

We are also of opinion that error was committed in refusing appellant's seventh requested instruction.   It related to, and would have submitted to the jury directly and specifically, a phase of contributory negligence not covered by the court's charge.

On all the other questions of law presented in appellant's brief we rule against it.

On account of the errors above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Writ of error dismissed for want of jurisdiction.